## Singer Company v. Tailorcraft Company

*J. I. Simon*, for plaintiff.

*David R. Levin*, for defendant.

ADAMS, J., January 31, 1955.—On May 26, 1954, defendant in error obtained a default judgment in the amount of $284 in an action of assumpsit before an alderman. An execution was issued on said judgment on July 1, 1954. Within 20 days from the day the execution issued, plaintiffs in error took out a writ of certiorari and, in pursuance thereof, the record of the alderman was transmitted to this court. The case is now before the court en banc on certain specifications of error filed by plaintiffs in error and on a motion by defendant in error to quash the writ.

Section 21 of the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, 42 PS §951, governs the issuance of a writ of certiorari from the court of common pleas to an alderman. This section permits the issuance of the writ upon oath or affirmation of the moving party and further provides "that no judgment shall be set aside in pursuance of a writ of certiorari, unless the same is issued within twenty days after judgment was rendered, and served within five days thereafter: and no execution shall be set aside in pursuance of the writ aforesaid, unless the said writ is issued and served within twenty days after the execution issued".

The quoted limitation on the effect of a writ of certiorari taken out for the purpose of setting aside a judgment is applicable generally, the only exception thereto being cases where the justice was without jurisdiction, the judgment was obtained fraudulently or was void ab initio.

In the instant case the writ was issued within 20 days of the time that execution issued upon the judgment. However, the purpose of the writ, as is ap-

parent from the specifications of error filed by plaintiffs in error, is not to attack the execution as being defective but to attack the judgment itself and to have the same set aside as being void and illegal. Since plaintiffs in error failed to take out the writ until more than 20 days had elapsed after the rendition of judgment, the judgment cannot be set aside by this court unless the specifications of error disclose a lack of jurisdiction in the alderman, the judgment was obtained fraudulently or was void ab initio for some other reason.

Plaintiffs in error filed the following specifications of error to the record and proceedings had before the alderman:

1. The judgment of the alderman is void and illegal because defendant in error failed to file an affidavit of the amount claimed to be due with copy of book entries, and further failed to deliver a copy of said affidavit to plaintiffs in error, as required by the Act of July 7, 1879, P. L. 194, 42 PS §451.

2. The judgment is void and illegal as the transcript of the alderman fails to disclose whether Tailorcraft Upholstering Company is an individual, partnership or corporation, and

3. The judgment is void and illegal as the record indicates the alderman rendered judgment in favor of defendant in error for services "performed on certain upholstering work" without specifying the number of pieces of furniture involved, the prices charged and whether the understanding concerning the rendering of said services was oral or written.

The second section of the Act of July 7, 1879, P. L. 194, 42 PS §451, authorizes a plaintiff in a proceeding had before an alderman in an action on a contract for the payment of money to present an affidavit of claim accompanied by book entries. Should plaintiff so proceed and defendant fail to file an affidavit of defense,

the section then permits the alderman to render a judgment for want of an affidavit of defense. This section does not establish a mandatory procedure which must be followed by a plaintiff in a proceeding before an alderman. The first section of the Act of 1879 provides that the alderman "shall have concurrent jurisdiction with the courts of common pleas . . . wherein the sum demanded does not exceed three hundred dollars . . .".

It is this first section which confers jurisdiction on the alderman. The second section of the act merely affords one method by which the jurisdiction previously conferred may be exercised, namely, by permitting the alderman to render a judgment for want of an affidavit of defense. Consequently, the affidavit of claim authorized by the second section is not necessary to give jurisdiction in actions of assumpsit under $300 but only a mode of proceeding, at the option of a plaintiff, to obtain certain admissions for the purpose of trial, and to permit a judgment in favor of a plaintiff for want of an affidavit of defense. The failure to file an affidavit of claim does not oust the alderman of jurisdiction over the subject matter or prevent him from rendering a default judgment for want of an appearance by a defendant: Landis Machine Co. v. Zellner, 32 Lanc. 379; Cook v. Minick, 1 Pa. C. C. 603. The first specification of error is without merit.

The second specification of error raises the question of whether the transcript discloses the legal nature of defendant in error. Plaintiffs in error first contend that the caption fails to show whether defendant in error is an individual, partnership or corporation. We are aware of no procedural rule concerning captions which requires, in addition to the name of the party, partners or corporation, the designation "individual", "partnership" or "corporation". Admittedly, the statement of claim, where one is filed, must identify

the legal nature of plaintiff. Here, no statement of claim was filed. Moreover, the transcript, in setting forth the testimony of defendant in error's witness, discloses that defendant in error is a corporation. The second specification of error is without merit.

The record shows that the alderman had jurisdiction over the parties and the subject matter. The claim was for an amount under $300. Defendants were properly served. The testimony taken at the hearing indicates that the work, for which the claim was filed, was upholstering work upon furniture brought by plaintiffs in error to defendant in error, that the agreed price for the work was $284 and that the work was performed as requested. This evidence was sufficient to make out a prima facie case, and to sustain a judgment by default. The third specification of error is also without merit.

In addition to the specifications of error, plaintiffs in error urge this court to set aside the judgment so that the case may be heard on its merits because the attorney usually retained by them was sick at the time of the proceedings before the alderman, and that the attorney retained by them in his place did not have actual knowledge of the service of summons. While we sympathize with plaintiffs in error in this regard, to grant their request would be to depart from the well settled rule, stated above, that a judgment of this nature may be set aside, when the 20-day time limit specified in the Act of 1810, supra, has elapsed, only if the alderman lacked jurisdiction or the judgment was otherwise void.

With regard to the motion to quash the writ, we need only say that there was nothing developed at the argument before the court en banc or in counsel's brief that would permit the granting of this motion.

For the above reasons the motion to quash the writ of certiorari is refused, the specifications of error are dismissed, and the judgment of the alderman affirmed.